IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE DECARTA HOLLIS-EL,  \*

Petitioner,  \*

v.  \*  Civil Action No. SAG-21-474

WARDEN,  \*

Respondent.  \*

**MEMORANDUM OPINION**

While confined at Dorsey Run Correctional Facility in Jessup, Maryland, Petitioner Tyrone DeCarta Hollis-El, a state inmate, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence. ECF No. 1. Respondent filed an Answer arguing that the Petition should be dismissed for non-exhaustion or otherwise denied on the merits. ECF No. 8. For the reasons set forth below, the Petition will be DENIED.

**I.     Background**

On March 3, 1988, the Circuit Court for Prince George's County committed Hollis-El to the custody of the Division of Correction ("DOC") to serve a sentence of 20 years, to "begin on 6/12/87 including 265 days credit for time served before sentencing," in Count 1 of Case No. 87-1505 for burglary. *See* Case No. 87-1505 Commitment Record, ECF No. 8-2; *see also* DOC Sentence Calculation Worksheet, ECF No. 8-1. The circuit court also imposed a second 20-year sentence in Count 1 of Case No. 87-1189 for second degree rape, to run consecutively to the sentence in Case No. 87-1505, and a sentence of 10 years in Count 5 of Case No. 87-1189 for burglary, to run consecutively to the 20-year sentences. *See* Case No. 87-1189 Commitment Record, ECF No. 8-3; ECF No. 8-1. In addition, Hollis-El received a sentence of 20 years in Count 1 of Case No. 87-1190 for second degree rape, to run concurrently with the sentences in Case Nos. 87-1505 and 87-1189, as well as 15 years in Count 1 of Case No. 87-1191 for assault with intent

to injure, to run concurrently with the prior sentences. *See* Case No. 87-1190 Commitment Record, ECF No. 8-4; Case No. 87-1191 Commitment Record, ECF No. 8-5; ECF No. 8-1. As previously noted, the circuit court credited Hollis-El with 265 days for time served pursuant to Art. 27, § 638C (the precursor to Md. Code, Crim. Proc. Art., § 6-218). *See* ECF No. 8-5. Together, the sentences resulted in a term of confinement with a maximum expiration date of June 12, 2037. *See* ECF No. 8-1; *see also* DOC Sentence and Detainer Status Change Report, ECF No. 8-6.

According to the Department of Public Safety and Correctional Services ("DPSCS"), as of March 9, 2021, Hollis-El had received 2,957 good conduct credits at the rate of five days per month. *See* DPSCS Corrections Time Credit Record, ECF No. 8-7; *see also* Md. Code. Ann, Corr. Servs. Art. ("CS") 3-704(b)(2) (providing that "if an inmate's term of confinement includes a consecutive or concurrent sentence for a crime of violence as defined in § 14-101 of the Criminal Law Article . . . . the deduction . . . shall be calculated at the rate of 5 days for each calendar month."). Hollis-El also earned 1,703 industrial credits, 23 education credits, and 836 special credits during his confinement. *Id.* Moreover, Hollis-El was awarded 43 good conduct credits and 9 industrial credits, for a total of 52 credits, under CS §§ 11-503 through 11-506 for time spent in the custody of a local correctional facility. *Id.* In sum, Hollis-El had a total of 5,571 diminution credits, yielding a mandatory supervision release date of March 11, 2022.[1] *Id.*

In his Petition, Hollis-El alleges that his mandatory release date was October 12, 2020, based on the two consecutive 20-year sentences imposed in Case Nos. 87-1505 and 87-1189, and concurrent sentences imposed in Case Nos. 87-1190 and 87-1191. ECF No. 1 at 2-9. Hollis-El does not seem to take into account the 10-year sentence imposed in Count 5 of Case No. 87-1189,

---

[1] As Respondent notes, subtracting 5,571 days from June 12, 2037, actually results in an anticipated mandatory supervision release date of March 12, 2022. However, because that date fell on a Saturday, Hollis-El was entitled to release on the preceding Friday, or March 11, 2022, pursuant to CS § 9-609.

which was expected to run consecutively to the 20-year sentences. *See id.* Hollis-El also argues in his Petition that DOC and DPSCS improperly calculated his "work" or "industrial credits" from 1988 to 2018, resulting in two years and three months of missing credits. ECF No. 1-3 at 2. He seeks an Order of this Court directing DOC and DPSCS "to correct their errors," as well as his immediate release. *Id.*

Hollis-El claims that he filed an administrative grievance about this matter, which was denied. ECF No. 1 at 12. He also states that the DPSCS Commissioner did not respond to his appeal, the Inmate Grievance Office denied him a hearing, the circuit court denied review of his claims, and prison officials hindered him from filing an appeal by failing to timely mail his legal documents. *Id.*

**II.     Discussion**

Respondent argues that the Petition should be dismissed because Hollis-El has failed to exhaust his claims in Maryland courts, or otherwise denied because his claims are meritless. ECF No. 8. From the record before this Court, it is unclear whether Hollis-El exhausted available state remedies as required under § 2241, including presenting the claim to the highest state court, or if he was prevented from doing so. However, even assuming that his arguments were exhausted, he cannot succeed on the merits.

A review of the record, including the commitment records in each of Hollis-El's criminal cases, his sentencing calculation worksheet, and DPSCS time credit record, supports the conclusion that Hollis-El's total sentence and projected release date were properly calculated. Conversely, it is evident that the October 12, 2020 release date proposed by Hollis-El is incorrect, given that he failed to take into account the 10-year sentence imposed in Count 5 of Case No. 87-1189, which was expected to run consecutively to the 20-year sentences. *See* ECF No. 1 at 2-9. Likewise, it is unclear how his credits were improperly calculated, resulting in a loss of two years

3

and three months (or approximately 810 days), given that he was credited 5,571 days, which led to a mandatory supervision release date over 15 years earlier than what had been imposed in the original sentence.

On this record, Hollis-El has not presented a convincing claim that his sentence or credits have been calculated incorrectly. Thus, his Petition will be denied.

### III. Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a certificate of appealability because Hollis-El has not made the requisite showing. Hollis-El may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus shall be DENIED. The Court declines to issue a Certificate of Appealability. A separate Order follows.

Date: <u>October 4, 2023</u>           _____/s/_____
                                    Stephanie A. Gallagher
                                    United States District Judge